IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-CV-106-D

| | | |
|---|---|---|
| KENDRICK M. F. BATTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ANDREW M. SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

On May 11, 2020, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") and recommended that this court grant defendant's motion to dismiss the complaint [D.E. 13]. See [D.E. 21]. On May 12, 2020, plaintiff responded to the M&R [D.E. 22]. On March 30, 2020, plaintiff supplemented the record with certain medical records [D.E. 23]. Defendant did not respond.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b)(1). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). If a party makes only general objections, de novo review is not required. See Wells v. Shriners Hosp., 109 F.3d 198, 200 (4th Cir. 1997). In "order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation

on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quotation omitted); United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).

The court has reviewed the M&R and the record. Plaintiff's response and medical records are merely general objections. In any event, the court is satisfied that there is no clear error on the face of the record. See Diamond, 416 F.3d at 315. Plaintiff's response and medical records do not address the untimeliness of his complaint or demonstrate extraordinary circumstances to justify extending the section 205(g) filing deadline. Thus, the court adopts the conclusions in the M&R that the compliant was untimely and that the court should grant defendant's motion to dismiss.

In sum, the court OVERRULES plaintiff's objections to the M&R [D.E. 22, 23], ADOPTS the conclusions in the M&R [D.E. 21], GRANTS defendant's motion to dismiss the complaint [D.E. 13], and DISMISSES this action. The clerk shall close the case.

SO ORDERED. This 18 day of June 2020.

JAMES C. DEVER III
United States District Judge

2